IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. WING, as Receiver for VESCOR CAPITAL CORP., et al.<br>Plaintiff,<br><br>vs.<br><br>KAYE SCHOLER, LLP<br>Defendant, | ORDER<br><br><br><br>Case No. 2:09-CV-371 |

      The defendant, Kaye Scholer LLP, moves for partial summary judgment on three claims. Two of the issues for summary judgment – a disputed payment to Kaye Scholer's client trust account and the receiver's claim for unjust enrichment–were resolved by the parties. The remaining issue for consideration on this summary judgment is whether there is a genuine issue of fact over whether the Receiver may recover as a fraudulent transfer the payments North Silver Lake Lodge, LLC (NSLL) made to Kaye Scholer. In support of its opposition, the Receiver filed with the court a declaration by John Curtis. The defendant moves to strike the declaration, arguing that it is essentially an expert report that is untimely and insufficient.

The court heard oral argument on both motions on September 23, 2010. Brent O. Hatch appeared on behalf of the defendant and M. David Eckersley appeared on behalf of the Receiver. Now, having fully considered the parties' written and oral arguments, the court enters the following Memorandum Decision and Order.

BACKGROUND

In 2001, NSLL acquired a sizeable parcel of undeveloped land in the Deer Valley Resort area of Park City, Utah. In June 2002, a Vescor entity, Trillium Assets, LLC, purchased all of NSLL's membership interest. Kaye Scholer provided substantial legal and real estate services to NSLL between July 2002 and April 2007 in connection with a plan to develop the Deer Valley property into a five-star ski resort. Several Kaye Scholer employees worked with the NSLL development team to negotiate a contract with the Ritz Carlton Hotel. However, this agreement was never realized because NSLL was unable to get the entitlements required for Ritz Carlton to develop the property. In April 2007, after an earlier deal to sell NSLL failed to close, Regent Properties, Inc. purchased NSLL. Regent Properties is not affiliated or connected to VesCor.[1]

During its representation of NSLL, Kaye Scholer received over $3 million dollars in legal fees from NSLL.

Shortly after its sale to Regent Properties, NSLL filed a voluntary petition for relief under Chapter 11 of the bankruptcy code. The United States Bankrupty Court for the District of Utah confirmed NSLL's plan of reorganization on April 9, 2008 and ordered NSLL's debts

---

[1] Mr. Southwick operated a web of over 150 corporations and limited liability companies. For simplicity, the court refers to these corporations collectively as VesCor.

discharged.

The United States Securities and Exchange Commission brought suit against VesCor Capital, Corp. in February 2008. This court appointed Robert G. Wing as the Receiver in the SEC action in on May 5, 2008. NSLL is not part of the receivership.

The Receiver brought this ancillary action against Kaye Scholer on April 28, 2009. After completing discovery, the defendant, Kaye Scholer LLP brought this summary judgment motion on July 12, 2010.

DISCUSSION

The defendant argues that summary judgment should be granted because the Receiver does not have standing or a legal right to assert claims against Kaye Scholer because Kaye Scholer received the funds from NSLL, which is not an entity in the VesCor receivership. The Receiver in response asserts that he is pursuing the transfer not on behalf of NSLL, but on behalf of NSLL's creditors, the VesCor entities. In support of its argument, the Receiver submitted the Declaration of John Curtis. Kaye Scholer moves to strike this document. The court will first address the evidentiary issue and then address the substantive issue for summary judgment.

A. *Declaration of John Curtis*

In connection with its Memorandum in Opposition, the Receiver submitted the Declaration of John Curtis. John Curtis is an associate of Gil A. Miller, the Receiver's expert witness in many of its ancillary cases, and reviewed the accounting and financial documents for the VesCor entities. In his declaration, Mr. Curtis states that NSLL was funded almost entirely

by VesCor entities and also shared common management, office, staff, and investors with VesCor. In relation to the Kaye Scholer matter, Mr. Curtis's declaration states that NSLL's payments to Kaye Scholer were made using commingled money obtained from VesCor entities.

Kaye Scholer moves to strike the declaration, arguing that it is essentially an expert report that it is untimely and insufficient. Scholer argues that the expert disclosure deadline has passed and the Receiver did not and has not disclosed Curtis as an expert witness. The disclosure of this report, Scholer insists, was unjustified and prejudices Scholer because they have not had a chance to depose Curtis and granting a continuance would harm its interests by upending a scheduling order upon which the parties have relied and built their expectations.

In response, the Receiver argues that Mr. Curtis's declaration is not an expert report but instead a summary of information obtained from a review of VesCor's business records. Moreover, the Receiver argues this information was provided in discovery and has been available to Kaye Scholer for some time.

Under Federal Rule of Evidence 701, "a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 929 (10th Cir. 2004) (quoting *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 460 (5th Cir.1996)). Whether a person is testifying as a lay witness or an expert witness depends on the substance of his testimony. "'Lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" Fed. R. Evid. 701 advisory committee's note (noting that rule 701 incorporates the distinctions set

forth in *State v. Brown*, 836 S.W.2d 530, 549 (1992)). In addition, lay testimony must be based on the witness's own perception. Fed. R. Evid. 701.

In this case, the court concludes that the Declaration of John Curtis is expert testimony and not lay testimony. In his declaration, Mr. Curtis relies on his specialized knowledge as an accountant. His reasoning is based on accounting principles that he and his staff applied when reviewing and completing a forensic accounting database, reconciling and agreeing data with bank records and analyzing, reviewing financial records, tax returns, investor reports and other records of VesCor. Moreover, the testimony is not based on his personal knowledge of how VesCor operated or his perception of various practices at VesCor as they were taking place. Instead, Mr. Curtis has reviewed copious amounts of information and used his specialized skill to reach his opinion that NSLL was economically dependent on VesCor entities.

Despite the expert nature of his testimony, the Receiver did not designate Mr. Curtis as an expert witness as rule 26(a)(2) requires. Therefore, the court must turn to Rule 37(c) to determine whether the Receiver may rely on the undisclosed expert testimony in this summary judgment motion and at trial. Rule 37(c) prohibits a party from using an undisclosed expert's testimony unless the failure to identify the expert was harmless or substantially justified. In determining whether a rule 26(a) violation is harmless or justified, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness." *Woodworker's Supply v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Instead, the court considers the following four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the

5

prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." Id.

Applying the factors to this case, the court concludes that the Receiver's failure to disclose John Curtis as an expert witness and to provide a complete expert report by the scheduling order deadline was not harmless. First, the defendant would be prejudiced by the Receiver's use of Mr. Curtis's expert testimony. Because Mr. Curtis was not identified until the briefing for this motion, the defendant did not have the opportunity to depose him during discovery or pursue other discovery related to his testimony. Second, curing this prejudice by reopening discovery would visit more harm on the defendant. This case is in the advanced stages of litigation and the parties are planning for trial this winter. Reopening discovery would upend the scheduling order upon which the parties have relied and built their expectations. Extending the litigation longer now would disrupt the defendant's trial preparations and thwart a speedy resolution of this case. Finally, though outweighed by the other three factors, it does not appear that the Receiver acted willfully or in bad faith. There is no evidence that the Receiver intentionally hid or mislead the defendant about the information in John Curtis's declaration. In fact most, if not all, of the data underlying Mr. Curtis's testimony was provided in various discovery disclosures. Mr. Curtis's conclusions should not have surprised Scholer. However, on balance, the court concludes that the Receiver's failure to disclose was not harmless. Accordingly, pursuant to rule 37(c), the court GRANTS the defendant's motion to strike. Without the benefit of Mr. Curtis's declaration, the court now turns to the merits of the defendant's motion for summary judgment.

B. *Motion Summary Judgment on Fraudulent Transfer of Attorney's Paid by NSLL*

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also* Utah R. Civ. P. 56(c). "A 'material fact' is one 'that might affect the outcome of the suit under the governing law, and a 'genuine' issue is one for which 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (internal citation omitted).

While the parties argue various theories of the Receiver's standing to pursue NSLL's payment of legal fees to Kaye Scholer, the critical issue in this summary judgment motion is whether there are any genuine issues of material fact over whether VesCor is a creditor of NSLL. The defendant asserts that the Receiver has not claimed or produced evidence, other than the stricken declaration of John Curtis, that VesCor is a creditor of NSLL. The court disagrees. Though the court will not consider the John Curtis's declaration, the court may consider the information the Receiver highlighted during oral argument and provided directly to the court after oral argument. In a letter dated September 23, 2010, the Receiver provided to the court copies of an accounting worksheet that identifies repeated disbursements from VesCor entities to NSLL, as well receipts from NSLL. In total, these document show that as of April 2007 VesCor disbursed over $19 million to NSLL and received back less than $1 million. This information was disclosed in response to a request for production of documents which sought "documents

sufficient to show any transfer of money to North Silver Lake Lodge LLC from an entity for which the [sic] Robert G. Wing is acting as receiver." *See* ECF No. 30.

The defendant argues that while this evidence may show that VesCor was at one time a creditor it does not prove that VesCor is currently a creditor. The defendant asserts that it is possible that NSLL repaid this debt with the thousands of dollars generated by its sale in April 2007. Moreover, the defendant asserts that it is the Receiver's burden to prove that VesCor was not repaid with the sale proceeds. To support its argument that the burden of proof in this motion should shift, the defendant relies on *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).[2] In *Celotex*, the United States Supreme Court concluded that on summary judgment "the burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Looking at the evidence presented in relation to this motion, the court concludes that the defendant, as the moving party, has not discharged its burden of proof because there is not an absence of evidence to support the Receiver's case. Instead, the court concludes that the information available at this time, as provided in the discovery disclosures, is sufficient to create a genuine issue of material fact as to whether or not VesCor is a creditor of NSLL. *See* Fed. R. Civ. P. 56 (c)(2). The discovery disclosures, even without expert analysis, show that VesCor entities provided NSLL with large amounts of funding. If the defendant can prove that NSLL repaid the alleged debt owed to VesCor, and, therefore, that there is not an issue of fact as to whether VesCor is a creditor of NSLL, it may again move for summary judgment.

---

[2] This argument was raised at oral argument and in a letter to the court dated September 24, 2010. (ECF No. 29).

CONCLUSION

The court GRANTS the defendant's motion to strike the declaration of John Curtis as an untimely filed expert opinion. (ECF No. 22) The court has determined that the late disclosure of Mr. Curtis as an expert witness violated rule 26(a) and that this violation was not harmless; therefore, the court concludes the declaration should be prohibited under rule 37(c). Despite the loss of this evidentiary support, the court concludes that the Receiver has established a genuine issue of material fact. Accordingly, the court DENIES the defendant's motion for summary judgment. (ECF No. 17).

It is so ORDERED.

Dated this 3rd day of December, 2010

_____
Dee Benson
United States District Court Judge